In the Matter of HERBERT JOSEPH COHEN, an Attorney, Respondent. ANGELO J. INGRASSIA, Petitioner.

Second Department, April 5, 1971.

*Angelo J. Ingrassia, District Attorney* (*Abraham J. Weissman* of counsel), petitioner in person.

*Harold S. Vogel* for respondent.

*Per Curiam.* The respondent was admitted to practice on April 6, 1955 in the Second Judicial Department. He is charged with professional misconduct in six specifications. The Justice of the Supreme Court appointed to take testimony reports that three of the six specifications have been sustained (A, B and F). The petitioner now moves to modify the report insofar as it found specification " C " not to have been sustained and, as so modified, to confirm the report. The respondent cross-moves to (1) reject that portion of the report which relates to specifications " A " and " F "; (2) direct a new hearing with respect to specification " A " on the ground of newly-discovered evidence; and (3) confirm the report in all other respects.

It was charged in specification " A " that for approximately 30 months, during which the respondent represented a client in the Family Court, the client paid him $60 per month, with instructions to pay the same into court (to be thereafter forwarded to the client's former wife for her support); that the respondent failed to remit such moneys to the court, except for $135; and that as a result thereof the client was arrested on two separate occasions pursuant to warrants issued by the court. Mr. Justice SILBERMAN, concluding that the respondent's " credibility was completely destroyed by his false testimony that he had sent a letter to the Family Court to advise the Family Court that he no longer represented " him, found the respondent guilty of the charge contained in specification " A ".

With respect to specifications " B " and " F ", respectively, the reporting Justice found the respondent guilty of professional misconduct in that (1) although an action brought against the respondent by his landlord for unpaid rent was settled for $100 and the landlord's attorney had forwarded a release to the respondent in escrow pending payment, the respondent failed to pay the $100 until after a complaint had been made to the Orange County Bar Association's Grievance Committee (13 months after the settlement was made) and then only after a second release had been sent to him; and (2) the respondent refused to proceed with a divorce action until he received payment of the balance of his fee, although he had agreed with his client that he was to be paid the balance only when the case went to trial.

As to specification " C ", which charged the respondent, *inter alia*, with having so neglected to prosecute an appeal that it was dismissed, we find, contrary to the report, such charge to have been sustained by the evidence adduced.

In support of the respondent's cross motion that a new hearing be directed with respect to specification " A " on the ground

of newly-discovered evidence, he has submitted a copy of the letter he claimed to have written to the Family Court in 1967 wherein he was supposed to have advised the court that he no longer represented his client. It is the respondent's contention that if he had the letter in his possession at the time of the hearing before Mr. Justice SILBERMAN, he would not have recanted his testimony " about having written it " and his " credibility would not have been destroyed ". We find no merit to this contention. An analysis of the letter reveals no statement whatever that the respondent had ceased to represent the client as of the date thereof. Moreover, even after having written the letter, the respondent continued to receive the client's monthly payments, albeit he failed to remit them to the court.

In our opinion, specifications " A ", " B ", " C " and " F " were fully sustained by the proof. Accordingly, the petitioner's motion to modify and, as so modified, to confirm the report should be granted and the respondent's cross motion should be denied, except insofar as it seeks to confirm the report with respect to specifications " D " and " E ".

In view of all the circumstances indicated by the record, and considering the respondent's evident lack of candor and contrition, it is our opinion that suspension from the practice of law for a period of five years, commencing May 1, 1971, would be a suitable and appropriate discipline to be imposed upon the respondent.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.

Petitioner's motion granted; respondent is found guilty of specifications " A ", " B ", " C " and " F "; and respondent's cross motion denied, except insofar as it seeks to confirm the report with respect to specifications " D " and " E ". Respondent is suspended from the practice of law for a period of five years, commencing May 1, 1971.